**FURNITURE FINANCE CORPORATION, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 104891. Promulgated February 3, 1942.

*S. J. Graham, Esq.*, and *H. A. Hollopeter, C. P. A.*, for the petitioner.
*Alva C. Baird, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency for 1937 of $3,162.80 in personal holding company surtax, and a penalty of $790.70 for failure to file a personal holding company surtax return.

The facts are stipulated and the stipulation is hereby adopted as the findings of fact.

The petitioner was organized on or about February 19, 1936, under the laws of Oregon, and its return was filed in Portland, Oregon. Its shares were owned by David Light and Harry W. Zavin. Its income for the taxable year was derived from rent of a building which it owned and leased to a copartnership of Light and Zavin.

By section 354 (a) (2), Revenue Act of 1936, as amended by Revenue Act of 1937, each of the two partners shall be considered as owning the stock owned by his partner. As a result, more than 50 percent in value of petitioner's outstanding stock is owned, directly or indirectly, by or for two individuals, as covered by section 352 (a) (2), and the petitioner is a "personal holding company." Since all of petitioner's income is rent received from the partnership for the use of petitioner's property, and each partner is deemed to own all the outstanding stock, such rent is "personal holding company income" under section 353 (f). The determination of deficiency is sustained.

Petitioner's argument as to the intended scope of the personal holding company surtax title is answered in *Olean Times Publishing Co.*, 42 B. T. A. 1277; dismissed, C. C. A., 2d Cir.

The petitioner failed, without reasonable cause, to file a personal holding company return, and it is therefore liable for the penalty imposed by section 291, Revenue Act of 1936. *Lane-Wells Co.*, 43 B. T. A. 463.

*Decision will be entered for the respondent.*