MINNESOTA MORTUARIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2355.   Promulgated November 6, 1944.

*Leland W. Scott, Esq.*, for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: Respondent determined that petitioner was a personal holding company during all of the taxable years and therefore subject to the personal holding company surtax under the provisions of sections 352, 353, and 354 of the Revenue Act of 1936, as amended, and the corresponding sections of the subsequent revenue acts. Those sections provide that the term "personal holding company" means any corporation with certain exceptions not material here, if (1) at least 80 percent (70 percent in some instances not involved in this proceeding) of its gross income for the taxable year consists of dividends, interest, royalties, annuities, rents (unless constituting 50 percent or more of the gross income), and other designated items of gross income, and (2) at any time during the last half of the taxable year more than 50 percent in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals. Petitioner concedes that the stock ownership requirement of the statute is met, but denies that at least 80 percent of its gross income during the taxable years was personal holding company income. Since more than 50 percent of petitioner's gross income for each of the taxable years was compensation received from the Welander-Quist Co. for the use of petitioner's properties, both parties agree that the issue narrows itself to a consideration of whether such compensation is deemed to be personal

holding company income within the meaning of section 353 (f) of the Revenue Act of 1936 [1] and the corresponding provisions of the subsequent revenue acts, which are identical. If such compensation can not be considered as personal holding company income under section 353 (f), petitioner was not a personal holding company within the meaning of the statute during any of the taxable years.

Section 353 (f) provides that "personal holding company" income includes compensation received for the use of, or right to use, property of the corporation if an individual owning 25 percent of the stock has the use of, or right to use, the property. The issue therefore turns on the question of whether during the taxable years any one of petitioner's stockholders was "an individual entitled to the use of the property." We think this question must be answered in the negative, under the facts of this proceeding.

The language of the statute appears to be plain and unambiguous. It refers specifically to the use of the property by an individual stockholder. The legislative history of the statute indicates that the use referred to is an actual use rather than a use imputed to an individual from the activities or rights of a corporation in which he owns stock. The statute is explained in the Ways and Means Committee Report on the Revenue Act of 1937 (75th Cong., 1st sess., House Rept. 1546; 1939-1 C. B. (Part 2) 707), as follows:

Subsection (f) includes in personal holding company income amounts received as compensation for the use of, or the right to use, the property of the corporation. However, this rule only applies where during the taxable year of the corporation, 25 per cent or more in value of its outstanding stock is owned, directly or indirectly, by an individual leasing or otherwise entitled to the use of the property. It makes no difference whether the right to use the property is obtained by the individual directly from the corporation or by means of a sublease or other arrangement. Since under existing law, this type of compensation is not now included for the purpose of determining whether the corporation meets the 80 per cent test, the taxpayer may fix such compensation in an amount sufficient to bring its other investment income below the 80 per cent test. It has been shown to the committee that this device has been employed by taxpayers who had incorporated their yachts, city residences, or country houses and had paid sufficient rent to give the corporations enough income from their service to take them out of present section 351. By including this type of income in the definition of personal holding company income, your committee removes this method of tax avoidance.

---

[1] Sec. 353 (f), Revenue Act of 1936, as amended by sec. 1, Revenue Act of 1937:
"SEC. 353. PERSONAL HOLDING COMPANY INCOME.
"For the purposes of this title the term "personal holding company income" means the portion of the gross income which consists of:
"(f) USE OF CORPORATION PROPERTY BY SHAREHOLDER.—Amounts received as compensation (however designated and from whomsoever received) for the use of, or right to use, property of the corporation in any case where, at any time during the taxable year, 25 per centum or more in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property; whether such right is obtained directly from the corporation or by means of a sublease or other arrangement."

In this proceeding the fact is uncontroverted that petitioner's properties were used by the Welander-Quist Co. during each of the taxable years in the operation of its funeral directing business. For the use of those properties, the Welander-Quist Co. paid petitioner an annual rent of $18,000. Respondent makes no contention that this amount was not fair and reasonable rent for the properties. Both petitioner and the Welander-Quist Co. have consistently carried on business under the arrangements set forth in the facts since their organization in 1929, which was five years prior to the enactment of the personal holding company surtax provisions. The organization of the two companies served a useful business purpose and there is no element of tax evasion involved in the separation of the business activities of the two companies. Cf. *Gregory* v. *Helvering*, 293 U. S. 465.

Respondent argues, however, that since Quist and Welander owned all of petitioner's stock and petitioner controlled the Welander-Quist Co. by virtue of an 85 percent ownership of that company's stock, the use of petitioner's properties must be imputed to Quist and Welander. This contention is untenable in view of the language and legislative history of the statute. The general principle is also well established that an individual, as a stockholder of a corporation, has no right, title, or interest in, or right to use the corporate property. The acts of the corporation are not the acts of the stockholders of the corporation. Fletcher, Cyclopedia Corporations, vol. 1, ch. 2. This is also a rule of general application in tax cases. *Moline Properties, Inc.* v. *Commissioner*, 319 U. S. 436; *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435.

Respondent relies principally upon *Furniture Finance Corporation*, 46 B. T. A. 240. That case, however, is distinguishable on its facts. There, the holding company leased its real property to a partnership which was composed of two individuals who owned all the shares of the holding company. Since a partnership is not considered an entity separate and apart from the individual partners, it was held that each partner was entitled to the use of the property and the rent received by the holding company was "personal holding company income" under section 353 (f). In this proceeding, the petitioner's property was rented to a corporation which was entitled to and did actually use the property, and none of petitioner's stockholders had the right to use such property.

Since the compensation received by petitioner was paid for the actual use of petitioner's properties by the Welander-Quist Co. and no individual had the use of, or right to use, the properties by means of a lease, sublease, or other arrangement, it is held that such compensation was not personal holding company income under section 353 (f). Under the circumstances, petitioner was not a personal holding com-

pany during any of the taxable years and was not required to file personal holding company surtax returns. Respondent's determination is reversed. Under this holding there are no deficiencies for the taxable years.

Since petitioner was not a personal holding company in the taxable years, the filing of personal holding company returns was not mandatory. Accordingly, the determination that the 25 percent penalty should be added to the tax is also reversed.

Reviewed by the Court.

*Decision of no deficiencies will be entered.*