Hatfried, Inc., a Corporation, and Samuel Friedland, Hattie Friedland and Abe Maloff, Trustees in Dissolution of the said Hatfried, Inc. v. Commissioner.
Hatfried, Inc. v. Commissioner
Docket No. 6711.
United States Tax Court
1946 Tax Ct. Memo LEXIS 266; 5 T.C.M. (CCH) 77; T.C.M. (RIA) 46037; February 8, 1946
*266 Louis Stein, Esq., for the petitioner. William A. Schmitt, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion. OPPER, Judge: Respondent determined deficiencies against petitioner, Hatfried, Inc., for its taxable year ended October 31, 1941, as follows: Income Tax
$ 2,455.98
Personal Holding Company Surtax
24,854.51
25 percent Delinquency Penalty on
Personal Holding Company Surtax
6,213.63
The petition places in issue only the liability for the personal holding company surtax and the penalty thereon. Findings of Fact Hatfried, Inc., is a corporation of the State of Florida with its principal office in Miami Beach, Florida. It was organized to purchase property and erect buildings thereon. In 1940 it bought a lot at 18th Street and Collins Avenue, Miami Beach, and by the end of that year completed the construction of the Shelborne Hotel. The cost of the hotel was $825,000, and Hatfried, Inc., held title thereto free and clear of all mortgages. During the period here involved Hattie Friedland was the sole owner of all of the capital stock of Hatfried, Inc. On December 1, 1940, Hatfried, Inc., leased the hotel to Hattie *267 Friedland for a term of three years at $85,000 a year. The lease provided that the hotel was to be used and occupied as a resort and commercial hotel. During the period involved Hattie Friedland operated the hotel as a legitimate and bona fide business enterprise, and continued such operations until November, 1942, when the United States Army took over the hotel at an annual rental of $70,000. At that time, war conditions had adversely affected business in Miami Beach and rentals were lower than in November, 1940. The rental income comprised the entire gross income of Hatfried, Inc. It paid no dividends during the taxable year. All tax returns for Hatfried, Inc., for the period in question were prepared and filed by I. H. Rosenberg of Rosenberg, Goldstein & Schultz, Philadelphia, Pennsylvania, certified public accountants. Rosenberg was advised of the facts and circumstances surrounding the leasing of the hotel. He never suggested the filing of a personal holding company surtax return and none was filed. There was no reasonable cause for petitioner's failure to file such return. Hatfried, Inc., was legally dissolved on December 10, 1944, but continues as a body corporate for *268 the purpose of prosecuting and defending suits by and against it and enabling it to close and settle its business and affairs. The individual petitioners are its directors and trustees in dissolution. Opinion Furniture Finance Corp., 46 B.T.A. 240, is dispositive in respondent's favor of both the main issue of whether petitioner is a personal holding company under the statute and the secondary issue of its liability for the penalty for failure to file a personal holding company return. Petitioner's entire receipts were "personal holding company income," within the definition of Internal Revenue Code, section 502(f), being "Amounts received as compensation (however designated and from whomsoever received) for the use of, or right to use, property of the corporation * * *"; and the "individual entitled to the use of the property" owned "25 per centum or more in value of the outstanding stock of the corporation." This exact compliance with the specifications of subsection (f) eliminates consideration of subsection (g), since the latter provides that it "* * * does not include amounts constituting personal holding company income under subsection *269 (f)." Nothing in the legislative history of either subsection persuades us that the provisions were intended to eliminate real estate holding companies which do not operate properties and fall squarely within the statutory language. That petitioner's income was the product of a "legitimate" business is no different from the arguments advanced in such cases as Noteman, et al., v. Welch, [1]O'Sullivan Rubber Co., [2] and R. Simpson & Co., Inc.[3] And as in Furniture Finance Corp., supra, "Petitioner's argument as to the intended scope of the personal holding company surtax title is answered in Olean Times Publishing Co., 42 B.T.A. 1277; dismissed, C.C.A., 2nd Cir." [Sept. 3, 1941]. Petitioner's meager evidence that the certified public accountant who prepared its tax return for the period in question was advised of the facts and circumstances *270 relating to the lease, and did not suggest the filing of a personal holding company return, does not establish the reasonable cause sufficient to relieve it from the penalty. Tarbox Corporation, 6 T.C. 35 (Jan. 11, 1946). Decision will be entered for the respondent. Footnotes
1. (C.C.A., 1st Cir.), 108 Fed. (2d) 206↩. 2. 42 B.T.A. 721, affirmed (C.C.A., 2nd Cir.), 120 Fed. (2d) 845↩. 3. 44 B.T.A. 498, affirmed (C.C.A., 2nd Cir.), 128 Fed. (2d) 742; certiorari dismissed on jurisdictional grounds, 321 U.S. 225↩.