RANDOLPH PRODUCTS CO. v.
MANNING.
Civil No. 9963.

United States District Court
Third District. New Jersey.
May 12, 1948.

Brady & Daly, of Newark, N. J., for plaintiff.

Edgar H. Rossbach, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action under the Internal Revenue Code for the recovery of the sur-tax and the statutory interest thereon, paid by the plaintiff for the calendar years 1943 and 1944, which the plaintiff alleges were erroneously and illegally assessed and collected. The action is before the Court at this time on a motion for summary judgment filed by the plaintiff pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S. C.A. The essential facts are not in dispute, and the only issue raised is one of law.

Facts.

I. The plaintiff, a corporation organized under the laws of the State of New Jersey, was the owner of a factory building which was let to Wendell G. Randolph and Altje H. Randolph, his wife, who were general partners. The said Wendell G. Randolph was the owner of ninety-four percent of the common stock of the plaintiff. The gross income of the plaintiff for the calendar years 1943 and 1944 was derived solely from rent paid to it by the partners for the use and occupancy of the factory building.

II. The plaintiff filed with the defendant its corporate income tax return for the calendar year 1943 (Corporation Income and Declared Value Excess-Profits Tax Return), and paid the income and declared value excess-profits taxes therein reported. The plaintiff filed a similar return for the calendar year 1944 and paid the taxes therein reported. These returns dis-

closed no surtax liability under the pertinent provisions of the Code, hereinafter quoted.

III. Thereafter the plaintiff filed with the defendant a delinquent return for the calendar year 1943 (Return of Personal Holdng Company), in which it reported "personal holding company income" and a surtax liability thercon in the amount of $3,017.06. The plaintiff filed·a similar return for the calendar year 1944 in which it reported "personal holding company income" and a surtax liability thereon in the amount of $3,071.35. Thereafter the plaintiff filed with the defendant an amended return for each of the said years in which it disclaimed liability as a personal holding company.

IV. Pursuant to the provisions of the Code the Commissioner of Internal Revenue, having determined a deficiency for each of the said years, assessed the following surtax:

| Calendar Year | Tax | Interest | Penalty | Total |
| --- | --- | --- | --- | --- |
| 1943 | $3,017.06 | $241.36 | $ 754.27 | $4,012.69 |
| 1944 | 3,071.35 | 61.43 | 614.27 | 3,747.05 |
| Totals | $6,088.41 | $302.79 | $1,368.54 | $7,759.74 |

The plaintiff paid the surtax and interest as assessed for each of the said years, but failed to pay the delinquency penalties. Additional interest for each of the said years, in the amount of $195.50 and $187.96, respectively, was thereafter assessed and paid.

V. The plaintiff filed with the defendant a claim for the refund of $3,258.42, the full amount of the surtax and interest thereon paid for the calendar year 1943, and a claim for the refund of $3,132.78, the full amount of the surtax and the interest thereon paid for the calendar year 1944. These claims for refund were filed on June 21, 1946.

VI. The claims for refund were predicated upon the following grounds: first, the income of the plaintiff was not "personal holding company income" within the meaning of Section 502(f) of the Code, 26 U.S.C.A. § 502(f); second, the plaintiff was not a "personal holding company" within the meaning of Section 501(a) (1) and (2)

of the Code, 26 U.S.C.A. § 501(a) (1, 2); and third, the delinquent returns (see Paragraph III) were inadvertently filed. These grounds are here urged in support of this action.

VII. The present suit was instituted on April 3, 1947, upon the failure of the Commissioner of Internal Revenue to take action on the claims for refund.

Internal Revenue Code.

"Sec. 500. (as amended by Sec. 181 of the Revenue Act of 1942.) Surtax on personal holding companies.

"There shall be levied, collected, and paid, for each taxable year beginning after December 31, 1938, upon the undistributed subchapter A net income of every personal holding company (in addition to the taxes imposed by chapter 1) a surtax equal to the sum of the following:

"(1) 75 per centum of the amount thereof not in excess of $2,000; plus

"(2) 85 per centum of the amount thereof in excess of $2,000." 26 U.S.C.A. § 500.

"Sec. 501. Definition of personal holding company.

"(a) General rule. For the purposes of this subchapter and chapter 1, the term 'personal holding company' means any corporation if—

"(1) Gross income requirement. At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 502; but if the corporation is a personal holding company with respect to any taxable year beginning after December 31, 1936, then, for each subsequent taxable year, the minimum percentage shall be 70 per centum in lieu of 80 per centum, until a taxable year during the whole of the last half of which the stock ownership required by paragraph (2) does not exist, or until the expiration of three consecutive taxable years in each of which less than 70 per centum of the gross income is personal holding company income; and

"(2) Stock ownership requirement. At any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or

indirectly, by or for not more than five individuals. * * *" 26 U.S.C.A. § 501.

"Sec. 502. Personal holding company income.

"For the purposes of this subchapter the term 'personal holding company income' means the portion of the gross income which consists of:

* * * * * *

"(f) Use of corporation property by shareholder. Amounts received as compensation (however designated and from whomsoever received) for the use of, or right to use, property of the corporation in any case where, at any time during the taxable year, 25 per centum or more in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property; whether such right is obtained directly from the corporation or by means of a sublease or other arrangement. * * *" 26 U.S.C.A. § 502.

"Sec. 503. Stock ownership.

"(a) Constructive ownership. For the purpose of determining whether a corporation is a personal holding company, insofar as such determination is based on stock ownership under section 501(a) (2), section 502(e), or section 502(f)—

"(1) Stock not owned by individual. Stock owned, directly or indirectly, by or for a corportion, partnership, estate, or trust shall be considered as being owned proportionately by its shareholders, partners, or beneficiaries.

"(2) Family and partnership ownership. An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family or by or for his partner. For the purposes of this paragraph the family of an individual includes only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants. * * *" 26 U.S.C.A. § 503.

### Discussion.

The plaintiff concedes that the stock ownership requirements of the statute are met, but contends that its gross income during the taxable years was not "personal holding company income" within the meaning of Section 502(f), supra. There are two related arguments advanced in support of this contention: first, "a partnership is a business entity distinct and separate from the partners who compose it"; and second, "the members of a partnership have no individual right to the possession and use of the partnership property." It is our opinion that these arguments are without merit and do not support the contention.

■ A partnership is not a legal entity distinct from the partners but a voluntary "association" of the partners "to carry on as co-owners a business for profit." Section 6 of the Uniform Partnership Law, R.S. 42:1-6, N.J.S.A. 42:1-6. A partnership may possess some of the attributes of a separate entity for certain limited purposes, but it has never been recognized as a legal entity, an artificial person created by statute.[1] This seems to be particularly true under the revenue laws. Scherf v. Commissioner of Internal Revenue, 5 Cir., 161 F.2d 495, 497.

■■ It seems to be clearly established that each partner as a co-owner of partnership property is entitled to the possession and use thereof in common with his co-partners. Such a use of partnership property falls within the provisions of Section 502(f), the statutory requirements of stock ownership being present. Furniture Finance Corporation v. Commissioner of Internal Revenue, 46 B.T.A. 240. Income derived by a corporation solely from rent paid to it for such use, as in the present case, is "personal holding company income" within the meaning of Section 502(f) and subject to the surtax. Ibid.

### Conclusion.

■ I. The plaintiff is a "personal holding company" within the meaning of Section 501(a) (1) and (2) of the Code, and the income derived from rent paid to it by the partners, its stockholders, is "personal holding company income" within the meaning of Section 502(f) of the Code.

---

[1] The recognition of a partnership as an entity under the Bankruptcy Act is an exception.

The income thus derived is subject to the tax imposed by Section 500 of the Code as amended by Section 181 of the Revenue Act of 1942.

II. The plaintiff's motion for summary judgment will be dismissed. A judgment dismissing the complaint will be entered.