**AMERICAN VALVE COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.
Jan. 4, 1956.

**250**

Paul W. Williams, U. S. Atty., New York City, Morton S. Robson, Asst. U. S. Atty., New York City, for defendant.

Kenneth Carroad, New York City, for plaintiff.

SUGARMAN, District Judge.

American Valve Company brought an action to recover from the United States the sum of $27,065.45 as a refund of taxes paid for the years 1942 and 1943. Both parties now move for summary judgment.

The facts are not in dispute. Plaintiff, for the years 1942 and 1943, filed income and excess profits tax returns, showing excess profits tax due for 1942 in the sum of $75,843.97, and for the year 1943 in the sum of $52,185.72. Both sums were ultimately paid to the Collector of Internal Revenue.

During both of these years, the stock in the plaintiff corporation was owned by Samuel Gade and Theodore Guterman, each of whom owned one-third of the stock. The balance of the stock was retained as Treasury stock.

On July 1, 1943, an agreement was entered into between the corporation and a partnership in which Samuel Gade had a 20% interest and Theodore Guterman had a 15% interest. Other members of the Gade and Guterman families owned the remaining 65% of the partnership. The agreement provided that the corporation was to lease its property to the partnership and the partnership was to pay rent to the corporation for the use of the property.

Thereafter, during the year 1944, as appears from the tax returns filed by the corporation, the corporation received as its only income $36,000 in rent from the partnership and $1,436.29 from interest on Treasury notes and a refund of an account payable.

During the year 1945, the corporation received as its only income rent in the sum of $36,000 from the partnership and interest on Treasury notes in the sum of $206.

For each of those years, the corporation filed a Personal Holding Company return, showing a small loss in 1944 and a small profit for 1945.

On June 25, 1947, plaintiff filed claims for refund of taxes paid for the years 1942 and 1943. Upon the disallowance

of these claims by the Commissioner of Internal Revenue, the present action was commenced.

The basis of the claims filed was that during the years 1944 and 1945, plaintiff had accrued excess profits tax credits which it was entitled to carry back to the years 1942 and 1943, respectively, thereby reducing the excess profits tax for the two earlier years and entitling it to a refund.

The defendant's position is that plaintiff may not recover because it was a personal holding company during 1944 and 1945 and hence exempt from excess profits tax in those years. Therefore, it could not accrue excess profits tax credits to be carried back to previous years when it was subject to excess profits tax.

The plaintiff contends that in 1944 and 1945 it was not a personal holding company but, if it was, it nevertheless is entitled to carry back its excess profits credit to 1942 and 1943.

The reasoning of the Court of Claims in Aluminum Products Co. v. United States[1] that if plaintiff was a personal holding company during 1944 and 1945, it is not entitled to an "Unused excess profits credit carry-back" because it then would not be a *taxpayer* within the meaning of 26 U.S.C. § 710 (c) (3) (A) applies here.

The sole issue left in the instant action is whether on the agreed facts the plaintiff was in 1944 and 1945 a personal holding company.

The controlling statutes in pertinent part are:

Title 26 U.S.C. § 501—

"§ 501. Definition of personal holding company :

"(a) General rule:

"For the purposes of this subchapter and chapter 1, the term 'personal holding company' means any corporation if—

"(1) Gross income requirement:

"At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 502 * * *; and

"(2) Stock ownership requirement.

"At any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals."

Title 26 U.S.C. § 502(f)—

"§ 502. Personal holding company income.

"For the purposes of this subchapter the term 'personal holding company income' means the portion of the gross income which consists of: * * *

"(f) Use of corporation property by shareholder. Amounts received as compensation (however designated and from whomsoever received) for the use of, or right to use, property of the corporation in any case where, at any time during the taxable year, 25 per centum or more in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property; whether such right is obtained directly from the corporation or by means of a sublease or other arrangement."

Title 26 U.S.C. § 503—

"§ 503. Stock ownership

"(a) Constructive ownership.

"For the purpose of determining whether a corporation is a personal holding company, insofar as such determination is based on stock ownership under section 501(a) (2), section 502(e), or section 502(f) —* * *

"(2) Family and partnership ownership.

"An individual shall be considered as owning the stock owned, directly or indirectly, by or for his

family or by or for his partner. For the purposes of this paragraph the family of an individual includes only his brothers and sisters (whether by the whole or half blood); spouse, ancestors, and lineal descendants."

The "Stock ownership requirement" of § 501(a) (2) is obviously met. The "Gross income requirement" of § 501(a) (1) is met if, under § 502(f), the "[a]mounts received as compensation * * * for the use of, or right to use, property of the corporation" was received in a case when "at any time during the taxable year, 25 per centum or more in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property; * * *".

Samuel Gade and Theodore Guterman each owned in excess of 25% of the stock of the corporation. Was either of them "an individual entitled to the use of the property"?

The plaintiff contends that neither of the stockholders was such a person, because their combined interest in the partnership was, in the aggregate, a minority interest of 35%.

 I disagree. Each member of the partnership was "an individual entitled to the use of the property",[2] and on that basis, plaintiff must fail. The interests of Gade and Guterman in the partnership were sufficient to satisfy the requirements of § 502(f).

Further, each partner is considered to own the stock owned by his partners.[3] Therefore, even under plaintiff's theory, it cannot prevail because the 65% majority interest partners are deemed to own the other partners' stock.

Accordingly, the plaintiff was a personal holding company during 1944 and 1945 and cannot recover in the action.[4]

The defendant's motion for summary judgment is granted.

Settle an order.

---

2. New York Partnership Law, McKinney's Consol.Laws, c. 39, § 12, § 51, subdivisions 1 and 2; Randolph Products Co. v. Manning, D.C.N.J., 83 F.Supp. 857; Walnut Street Co. v. Glenn, D.C.W.D Ky., 83 F.Supp. 945; Electroline Sales Co., 10 T.C.M. 113, 115; O. Falk's Department Store, Inc., 20 T.C. 56, 63; Western Transmission Corporation, 18 T.C. 818, 822, 823.

3. 26 U.S.C. § 503(a) (2); Furniture Finance Corporation, 46 B.T.A. 240.

4. Frederick Smith Enterprize Co. v. Commissioner of Internal Revenue, 6 Cir., 167 F.2d 356; Hatfried, Inc., v. Commissioner of Internal Revenue, 3 Cir., 162 F.2d 628.