SILVERMAN & SONS REALTY TRUST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Silverman & Sons Realty Trust v. Commissioner
Docket No. 12254-77.
United States Tax Court
T.C. Memo 1979-404; 1979 Tax Ct. Memo LEXIS 124; 39 T.C.M. (CCH) 266; T.C.M. (RIA) 79404; September 25, 1979, Filed Bernard A. Dwork and Myron Greenside, for the petitioner. Barry J. Laterman, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $6,944 in petitioner's income tax for the taxable year ended March 31, 1975. The question presented is whether rental income derived from a corporate *126 lessee is personal holding company income if the controlling shareholders of the lessor are also substantial shareholders of the lessee corporation. FINDINGS OF FACT Most of the facts have been stipulated. Silverman & Sons Realty Trust, the petitioner, is a Massachusetts trust with transferable shares; it is taxable as a corporation pursuant to section 7701(a)(3), I.R.C. 1954. Its principal office was in Boston, Massachusetts, at the time the petition was filed. Petitioner's principal business activity is the rental of real estate. In 1957, petitioner acquired a building. This building and cash (including a certificate of deposit) were the only assets of consequence owned by petitioner during the taxable year ended March 31, 1975. The building was occupied during that year by Joseph Silverman & Co., Inc., a Massachusetts corporation which was engaged in business as a wholesale dealer in floor coverings. During the taxable year petitioner received $38,900 in rent from Joseph Silverman & Co., Inc., for such occupancy. The only other income received by it was interest in the amount of $13,169 earned on a certificate of deposit. During the taxable *127 year, one-half of petitioner's shares were owned by Donald Silverman, and the other one-half by his brother, Alan Silverman. The stock of Joseph Silverman & Co., Inc., was owned largely by Donald and Alan Silverman, each of whom owned 36.6 percent of the corporation's stock. The remaining 26.8 percent of the corporation's stock was owned by six persons who are sufficiently related to Alan and Donald Silverman that the stock of those persons is deemed constructively owned by Alan and Donald Silverman under section 544(a)(2), I.R.C. 1954. The Commissioner determined that the $38,900 rentals received by petitioner constituted personal holding company income within section 543(a)(6), I.R.C. 1954, and, since it had other personal holding company income (interest) in excess of 10 percent of its ordinary gross income, it was subject to the personal holding company tax imposed by section 541.
OPINION Section 541 provides that a tax of 70 percent of undistributed personal holding company income shall be imposed on all personal holding companies. [1] A corporation will be a personal holding company if two conditions are met.[2] First of all, *128 more than one-half of the value of the outstanding stock of the company must be owned by no more than five persons. This condition is met here, since Alan and Donald Silverman own all of petitioner's shares. Secondly, 60 percent of the company's income must be "personal holding company income". The interest received by petitioner is personal holding company income under the provisions of section 543(a)(1), I.R.C. 1954. And the Commissioner has determined in the notice of deficiency that the remainder of its income, $38,900 in rent, constitutes personal holding income under section 543(a)(6), I.R.C. 1954. [3] The basis for this position is that the owners of petitioner and the corporation are substantially the same. Therefore, the Commissioner concludes, the rent received from the corporation is personal holding company income to petitioner because its shareholders are entitled to the use of the leased property under an "other arrangement", within the parenthetical provision of section 543(a)(6)(A). If this is the case, then all of petitioner's income will be personal holding company income, and it will be taxable as a personal holding *129 company. *130 Section 543(a)(6), I.R.C. 1954, was the subject of a recent opinion of this Court. In Allied Industrial Cartage Co. v. Commissioner,72 T.C. 515 (1979), it was held that a corporate lessor did not receive personal holding company income from the lease of real estate and delivery trucks to a corporate lessee 100 percent owned by the sole owner of the lessor corporation. The Court specifically rejected the contention of the Commissioner that the business use of corporate property by a lessee corporation wholly owned by the sole shareholder of the lessor corporation constituted use of the lessor corporation's property by a 25 percent or greater shareholder under an "other arrangement" for the individual shareholder's use of the property. This result reaffirmed an earlier decision in Minnesota Mortuaries, Inc. v. Commissioner,4 T.C. 280, 284 (1944). The Court decided not to follow certain language in 320 East 47th Street Corp. v. Commissioner,243 F. 2d 894, 898 (2d Cir. 1957), which was arguably only dictum or at best an alternative holding, and which was the basis for Rev. Rul. 65-259, 1965-2 C.B. 174. *131 The respondent has conceded on brief that the legal issues in this case are identical to those in Allied Industrial Cartage Co., and he has not advanced any arguments not there considered by the Court. In the circumstances, we reach the same result here. Decision will be entered for the petitioner. Footnotes
1. SEC. 541.IMPOSITION OF PERSONAL HOLDING COMPANY TAX. In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the undistributed personal holding company income (as defined in section 545) of every personal holding company (as defined in section 542↩) a personal holding company tax equal to 70 percent of the undistributed personal holding company income. 2. SEC. 542. DEFINITION OF PERSONAL HOLDING COMPANY. (a) General Rule.--For purposes of this subtitle, the term "personal holding company" means any corporation * * * if-- (1) Adjusted ordinary gross income requirement.--At least 60 percent of its adjusted ordinary gross income * * * for the taxable year is personal holding company income (as defined in section 543(a)), and (2) Stock ownership requirement.--At any time during the last half of the taxable year more than 50 percent in value of its outstanding stock is owned, directly or indirectly, by or for not more than 5 individuals. * * * ↩
3. SEC. 543. PERSONAL HOLDING COMPANY INCOME. (a) General Rule.--For purposes of this subtitle, the term "personal holding company income" means the portion of the adjusted ordinary gross income which consists of: * * *
(6) Use of corporate property by shareholder.-- (A) Amounts received as compensation (however designated and from whomever received) for the use of, or the right to use, tangible property of the corporation in any case where, at any time during the taxable year, 25 percent or mor in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property (whether such right is obtained directly from the corporation or by means of a sublease or other arrangement). (B) Subparagraph (A) shall apply only to a corporation which has personal holding company income in excess of 10 percent of its ordinary gross income. (C) For purposes of the limitation in subparagraph (B), personal holding company income shall be computed-- (i) without regard to subparagraph (A) or paragraph (2), (ii) by excluding amounts received as compensation for the use of (or right to use) intangible property (other than mineral, oil, or gas royalties or copyright royalties) if a substantial part of the tangible property used in connection with such intangible property is owned by the corporation and all such tangible and intangible property is used in the active conduct of a trade or business by an individual or individuals described in subparagraph (A), and (iii) by including copyright royalties and adjusted income from mineral, oil, and gas royalties.↩