**ALLIED INDUSTRIAL CARTAGE COMPANY, Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 80-1012.

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1981.

Decided May 11, 1981.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert Andrews, Richard Farber and Robert S. Pomerance, Tax Division, U. S. Dept. of Justice, Lester Stein, Acting Chief Counsel, I.R.S., Washington, D. C., for respondent-appellant.

Robert I. Alpern, Birmingham, Mich., for petitioner-appellee.

Before ENGEL, KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges.

PER CURIAM.

In this case the Commissioner of the Internal Revenue appeals a decision of the Tax Court in favor of the taxpayer, Allied Industrial Cartage Company. Allied Cartage's principal business during the period in question was the leasing of trucks and real estate to Allied Delivery Systems, Inc. A single individual, Alvin Wasserman, held all of the outstanding stock of both Allied Cartage and Delivery Systems. The Commissioner asserted a deficiency of $8,047.90

in Allied Cartage's federal income tax for its tax year ending on February 28, 1974, contending that all of Allied Cartage's income for that year constituted personal holding company income. In the Tax Court, the parties stipulated that Allied Cartage should not be treated as a personal holding company unless the rental income it received from Delivery Systems constituted compensation for the right to use Allied Cartage's property which its sole shareholder had acquired indirectly by "other arrangement" within the meaning of § 543(a)(6) of the Tax Code, 26 U.S.C. § 543(a)(6).

The Tax Court, in a decision reported at 72 T.C. 515, reaffirmed its decision in *Minnesota Mortuaries, Inc. v. Commissioner*, 4 T.C. 280 (1944), and held that no deficiency was due from Allied Cartage. It held that Delivery Systems' use of the leased property could not be attributed to Wasserman so long as there existed a business nexus. The Tax Court observed that § 543(a)(6) was enacted to cover personal, nonbusiness use of corporate property by a shareholder, and did not apply to this case. We agree.

Under Section 543(a)(6) of the Code, income received by a corporation for the lease of its property is taxable as personal holding company income if a principal shareholder of the corporation is entitled to the use of the property, "whether such right is obtained directly from the corporation or by means of a sublease or other arrangement."[1] The sole question before us is whether the leasing of Allied Cartage's property by Delivery Systems constitutes a use of that property by Wasserman by an "other arrangement" within the meaning of § 543(a)(6). If so, then the Tax Court erred in deciding in favor of Allied Cartage.

The Commissioner contends that the Tax Court's decision is predicated on a misunderstanding of the purpose and scope of § 543(a)(6). He urges us to adopt the position of the Second Circuit, set forth in *320*

---

1. The language quoted is from the statute as in effect for the tax year in issue. Section 543 was amended in 1976.

*East 47th Street Corp. v. Commissioner*, 243 F.2d 894 (2nd Cir. 1957), and *Hilldun Corp. v. Commissioner*, 408 F.2d 1117 (2nd Cir. 1969), that the Congressional purpose in enacting the predecessor to § 543(a)(6) would be frustrated if the statute could be circumvented by the interposition of a second corporation which would pay the rent instead of the individual shareholder. *320 East 47th Street, supra*, 243 F.2d at 898. We decline to adopt that position; instead, we adopt the position of the First Circuit in *Silverman & Sons Realty Trust v. Commissioner of Internal Revenue*, 620 F.2d 314 (1st Cir. 1980), and affirm the decision of the Tax Court.

*Silverman and Sons, supra*, involved a fact pattern similar to the one in this case. The taxpayer, a Massachusetts business trust, was owned in equal shares by two brothers, Donald and Alan Silverman. During the tax year in question, the trust received rental income on a building it owned from Joseph Silverman & Co., Inc., a Massachusetts corporation dealing in wholesale floor coverings. The Silvermans owned, in equal shares, 73.2 percent of the lessee's stock. The Commissioner determined that the rental income of the Trust constituted personal holding company income and determined a deficiency. The Tax Court, relying on its decision in the present case, decided in favor of the taxpayer. The First Circuit, in a thoughtful opinion, affirmed. It stated:

> The Commissioner argues, in effect, that the legal issue in *Allied Industrial* was wrongly decided, and that the Tax Court should have followed the lead of the Second Circuit. The thrust of the Commissioner's argument is that Congress, by providing that the "right to use" property could be obtained directly "or by means of a sublease or other arrangement," implicitly meant to cover the situation where the shareholder has access to property through his control of a lessee corporation. The opposite result, it is argued, would facilitate tax avoidance through interposition of sham corporations as lessees.

Like the Tax Court, we are unpersuaded. Where the lessee corporation is established for tax avoidance purposes—as where the leased property consists of personal or recreational property or where otherwise it is being placed at the disposal of the shareholders—this fact should be readily ascertainable, and appropriate measures may be taken, including piercing the corporate veil, to see that the Congressional scheme of taxation is not frustrated. *Cf. New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 442, 54 S.Ct. 788, 791, 78 L.Ed. 1348 (1934). Such is manifestly not the case here. The lessee corporation, Joseph Silverman & Co., Inc., is engaged in the wholesale floor covering business; there is not the slightest evidence the subject property is being held for the individual use of Donald and Alan Silverman, or that the corporate lessee is a subterfuge to facilitate personal use of the property by them. As majority shareholders, Donald and Alan Silverman have no legal entitlement to use the corporate property in their individual capacities. 1 Fletcher's Cyclopedia of Corporations § 31 at 132–33 (1974). Each of them owes to the other, and to the minority stockholders, certain fiduciary duties which limit their capacity lawfully to convert corporate property to their own individual pursuits. A bona fide corporation is not the equivalent of a "sublease or other arrangement" for the simple reason that whereas the latter would legally authorize personal use, the former does not. Nor is there any showing that these shareholders have, in fact, authorized corporate property to be used other than for a proper corporate and business purpose. We therefore do not find the Silvermans to be "individual[s] entitled to the use of the property," and thus do not find the rental income to be personal holding company income.

620 F.2d at 318.

We do not believe that the fact that Wasserman is the sole shareholder of both corporations compels a different result. It was stipulated that Wasserman did not use the property leased to Delivery Systems

except as such right may be deemed to exist under § 543(a)(6) solely from his stockholdings in Delivery Systems. In these circumstances, we believe the Tax Court's refusal to impute Delivery Systems' use of the property to Wasserman without specifically drawn Congressional guidelines was proper.

The decision of the Tax Court is affirmed.